**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

---

| | |
|---|---|
| CHRISTOPHER STALNAKER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>THREE BROTHERS TRANSPORT, LLC, a for-profit business entity; ILYOS RUSTAMOV; JOHN DOE, a business entity; and JANE DOE, an individual.<br><br>Defendant - Appellee. | Case No. 4:20-CV-00140-JED-CDL |

---

**ORDER**

---

Plaintiff Christopher Stalnaker sues defendant Three Brothers Transport, LLC, for negligence and related claims under Oklahoma law arising from a car accident. Before the court is Three Brothers's motion for judgment on the pleadings. ECF No. 21. This motion attacks only some of Stalnaker's claims, so it is really a motion for partial judgment on the pleadings. The court denies the motion for the reasons explained below.

## I. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion "is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Normally this would

require the court to decide whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Three Brothers's motion, however, raises a pure issue of law—specifically, of Oklahoma law. Because this court sits in diversity, it must apply Oklahoma law as announced by the Oklahoma Supreme Court. *See Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998). If the Oklahoma Supreme Court has not decided the question, this court must predict what that court would decide, and may examine its "considered dicta" as evidence of the outcome. *Colo. Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 871 (10th Cir. 2005) (internal quotation marks omitted).

## II. BACKGROUND

This lawsuit began in Rogers County District Court in February 2020. Stalnaker filed a petition alleging he was driving his car on an Oklahoma freeway when a Three Brothers semi-truck (being driven by a Three Brothers employee) swerved into his lane, negligently causing a collision. ECF No. 2-2 ¶¶ 9–25. Stalnaker asserted that Three Brothers is vicariously liable for the driver's negligence (*i.e.*, respondeat superior). *Id.* ¶ 93. Stalnaker also asserted that Three Brothers "negligently and/or improperly hired, retained, supervised, educated, entrusted, and/or trained etc. [its driver]." *Id.* ¶ 85.

Three Brothers (and other defendants) removed the action to this court based on diversity of citizenship. ECF No. 2. Three Brothers then filed its answer, admitting Stalnaker's allegation that the driver "was working for Three Brothers . . .

at the time of the accident." ECF No. 10 at 3, ¶ 19. Under the "Affirmative Defenses" heading, *id.* at 13, Three Brothers further asserted, "Agency is not in dispute. Thus, Plaintiff's direct negligence claims fail," *id.* at 14, ¶ 19.

## III. ANALYSIS

Three Brothers moves for judgment on the pleadings against Stalnaker's direct negligence claims, *i.e.*, negligence allegedly committed by Three Brothers itself (hiring, entrustment, etc.), as distinct from the driver's negligence. Three Brothers primarily relies on *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997).

The plaintiff in *Jordan* got into a fight with a store manager over a stolen check. *Id.* at 291. He sued the manager for battery and joined the store as a defendant "both under the doctrine of *respondeat superior* and for the negligent hiring and retention of [the manager]." *Id.* The store "stipulated that the harm-dealing altercation occurred during the course of [the manager's] employment and that employer would stand liable for damages (including punitive damages) if [the manager] was found guilty of battery." *Id.* at 292. In light of that stipulation, the Oklahoma Supreme Court said "any other theory for imposing liability on the employer" was "unnecessary and superfluous." *Id.* at 293. The court therefore affirmed the trial court's decision to grant summary judgment on the negligent hiring and retention claims. *See id.* at 292.

Since *Jordan*, Oklahoma federal courts have regularly applied this holding in various contexts (*e.g.*, dismissing direct negligence claims, granting protective orders, etc.). Three Brothers points the court to twenty-five such decisions, covering

all of Oklahoma's federal districts. *See* ECF No. 21 at 4–12. An unpublished Tenth Circuit decision has also applied *Jordan*. *See Huntley v. City of Owasso*, 497 F. App'x 826, 834 (10th Cir. 2012). Three Brothers thus asks the court to dismiss Stalnaker's negligence claims asserted directly against it.

Stalnaker responds with a later Oklahoma Supreme Court decision, *Fox v. Mize*, 428 P.3d 314 (Okla. 2018). The *Fox* case involved the same basic scenario Stalnaker presents here: a suit against a semi-truck driver for negligently causing a traffic accident, and against the driver's employer for negligent hiring, training, retention, and entrustment. *Id.* at 317–18. The employer admitted the employment relationship with the driver and therefore moved to dismiss the negligent hiring and entrustment claims. *Id.* at 318.[1] The state trial court granted the motion as to negligent hiring but denied it as to negligent entrustment. *Id.*[2] The Oklahoma Supreme Court agreed to an immediate interlocutory review of that decision, *see id.*, but the plaintiff did not appeal the negligent hiring issue, *id.* at 322, so the Oklahoma Supreme Court addressed only negligent entrustment.

The court agreed with the trial court that a negligent entrustment claim could go forward even though the employer admitted the employment relationship with the

[1] *Fox* does not explain why the employer did not move to dismiss the negligent training and retention claims.

[2] *Fox* does not explain the trial court's reasoning but a different part of the opinion suggests the trial court acted in light of certain Oklahoma Supreme Court nonpublished dispositions on the question of negligent entrustment. *See id.* at 318 n.2.

driver. Two considerations primarily informed that holding. First, although the plaintiff could not recover compensatory damages for the driver's negligence *and* the employer's negligence (*i.e.*, no double-recovery for the same injury), the question of punitive damages is different as between the driver and the employer. *Id.* at 321–22. For example, the employee's bad driving might be merely negligent but the employer's decision to entrust that employee with a semi-truck might be grossly negligent. *See id.* at 321. Second, Oklahoma law allows a plaintiff to pursue inconsistent theories through trial, so long as the trial judge prevents double-recovery. *Id.* at 321–22.

This reasoning seems to undermine *Jordan* in all relevant respects, but the Oklahoma Supreme Court instead declared *Jordan* "distinguishable":

> The facts in *Jordan* are distinguishable from the case at bar because *Jordan* involved a battery claim against the employee and a negligent hiring claim against the employer [but not a negligent entrustment claim]. Because the Plaintiff in this case did not appeal the district court's dismissal of the negligent hiring claim, we need not determine whether a negligent hiring claim should be treated differently than a negligent entrustment claim.

*Id.* at 322. The court nonetheless "recognize[d] the tension" this might create and offered this footnote:

> As one federal district court has stated: "It is difficult to discern a persuasive basis for treating a claim for negligent entrustment differently from a claim for negligent hiring" because both "presumably rely on the employer's own acts or negligence." *Warner*, 5:16-cv-00305-HE (Feb. 10, 2017). However, the issue is not currently before us on appeal. We do take this opportunity, however, to expressly state that, for now, the holding in *Jordan* is limited to its

facts.

*Id.* at 322 n.12.

Given *Fox*, the court must deny Three Brothers's motion as to Stalnaker's negligent entrustment claim. *See Cox v. Swift Transp. Co. of Ariz.*, No. 18-CV-0117, 2019 WL 3719887, at *3 (N.D. Okla. Aug. 7, 2019) (applying *Fox* to reject dismissal of a negligent entrustment claim) (Eagan, J.). Three Brothers concedes as much. ECF No. 24 at 2.[3]

The question is whether *Fox* has a similar effect on Stalnaker's claims for negligent hiring, retention, supervision, education, and training. *See* ECF No. 2-2 ¶ 85. The answer turns on what *Fox* meant when it limited *Jordan* "to its facts." *Fox*, 428 P.3d at 322 n.12. Stalnaker says *Jordan* is now "limited to cases involving an intentional tort or battery committed by an employee," ECF No. 23 at 8, while Three Brothers claims that *Fox* reaches only negligent entrustment and leaves the remainder of *Jordan* intact, ECF No. 24 at 2.[4]

---

[3] Three Brothers conceded this point only in its reply brief. Three Brothers's motion never mentions *Fox*, although it was decided over two years before Three Brothers filed the motion.

[4] Some judges of the Western District of Oklahoma have accepted Three Brothers's position, although none has directly analyzed what *Fox* meant when it limited *Jordan* to its facts. *See Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938, 2020 WL 3965010, at *3 n.4 (W.D. Okla. July 13, 2020) (DeGiusti, C.J.); *Annese v. U.S. Xpress, Inc.*, No. CIV-17-655, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) (Cauthron, J.); *Thurmond v. CRST Expedited, Inc.*, No. CIV-18-1142, 2019 WL 6311996, at *1 (W.D. Okla. Nov. 25, 2019) (Russell, J.). No judge from this district has ruled on the issue directly. In *Cox*, Judge Eagan stated that "a plaintiff [post-*Fox*] can bring claims of direct negligence even after an employer has stipulated to respondeat superior liability." 2019 WL 3719887, at *3. But the only claim at issue in *Cox* was negligent

Three Brothers's position is unpersuasive. When *Fox* said "the holding in *Jordan* is limited to its facts," 428 P.3d at 322 n.12, it almost certainly had in mind the following: "*The facts* in *Jordan* are distinguishable from the case at bar because *Jordan* involved a battery claim against the employee and a negligent hiring claim against the employer," *id.* at 322 (emphasis added). Thus, *Jordan* remains controlling only where the plaintiff alleges battery against the employee and negligent hiring against the employer. Stalnaker does not allege battery against Three Brothers, so *Jordan* does not control.

But this does not mean the court must rule for Stalnaker. It means only that, where the employer admits respondeat superior liability, a plaintiff's ability to pursue direct negligence claims against the employer is again an open question under Oklahoma law (apart from negligent hiring arising from battery, which remains foreclosed under *Jordan*). So this court must predict what the Oklahoma Supreme Court would decide. *See Colo. Visionary Acad.*, 397 F.3d at 871.

The Oklahoma Supreme Court has offered competing dicta on the question. Two years after *Jordan*, the court summarized that decision by stating that "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee . . . if vicarious liability is not established." *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999). Three Brothers says that *N.H.*

---

entrustment, *see id.*, so *Cox* had no reason to examine whether the Oklahoma Supreme Court meant *Fox* to sweep more broadly.

"reaffirmed" *Jordan*. ECF No. 21 at 3. The court disagrees. Nothing in *N.H.* suggests the Oklahoma Supreme Court was taking a fresh look at the *Jordan* rule. It merely took *Jordan* as given and applied it. Thus, *N.H.*'s discussion of *Jordan* is dicta.

Against *N.H.*, this court must again consider *Fox*, which decided that negligent entrustment could go forward despite an admission of respondeat superior liability. As noted, *Fox* reached this holding because punitive damages might differ as between employee and employer, and because Oklahoma law allows a plaintiff to pursue inconsistent theories. This reasoning is dicta, but it is "considered dicta," *Colo. Visionary Acad.*, 397 F.3d at 871 (internal quotation marks omitted), unlike *N.H.*'s invocation of *Jordan* to make an uncontested point.

For three reasons, the court predicts that the Oklahoma Supreme Court would follow its reasoning in *Fox* rather than defer to its repetition of the *Jordan* rule in *N.H.* (or otherwise distinguish negligent entrustment from similar direct negligence claims). First, the reasons given in *Fox* for allowing the negligent entrustment claim to go forward apply equally well to negligent hiring, retention, supervision, education, and training. Second, *Fox* was explicitly aware that its holding appeared incongruous compared to *Jordan*, and it explained that the plaintiff's failure to appeal the negligent-hiring question required that result. Third, *Fox* could have ended the discussion of *Jordan* there, but it chose to preempt at least some of the potential confusion by limiting *Jordan* to its facts.

Thus, the court predicts that, if the question were posed to the Oklahoma

Supreme Court, it would hold that Stalnaker may pursue his claims for negligent hiring, retention, supervision, education, and training, despite Three Brothers's admission of respondeat superior liability. Given that, Three Brothers's motion must fail.

## IV. CONCLUSION

Three Brothers's motion for judgment on the pleadings, ECF No. 21, is DENIED.

**DATED** this 31st day of January, 2022.

Timothy M. Tymkovich

Timothy M. Tymkovich, Chief Judge
10th Circuit Court of Appeals